Vauda Virgle SHIPP, Jr.,
Petitioner–Appellant

v.

Frank LARA, Warden, Respondent–
Appellee.

No. 14–41345
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 2015.

Vauda Virgle Shipp, Jr., Beaumont, TX,
pro se.

Before HIGGINBOTHAM, ELROD,
and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Vauda Virgle Shipp, Jr., federal prisoner
# 09724–062, appeals the district court's
denial of his petition for habeas corpus
relief pursuant to 28 U.S.C. § 2241. The
district court determined that Shipp could
not pursue relief under § 2241 because he
failed to show that relief under 28 U.S.C.
§ 2255 would be inadequate or ineffective,
as is required by the savings clause of
§ 2255.

We review the dismissal of a § 2241
petition de novo. *Kinder v. Purdy*, 222
F.3d 209, 212 (5th Cir.2000). A federal
prisoner may attack the validity of his
conviction in a § 2241 petition if he can
meet the requirements of the savings
clause of § 2255. *Id.* The prisoner must

make the showing that the remedy under
§ 2255 would be "inadequate or ineffective
to test the legality of his detention."
§ 2255(e); *Reyes–Requena v. United
States*, 243 F.3d 893, 901 (5th Cir.2001). A
petitioner's inability to meet the procedur-
al requirements of § 2255 is insufficient to
make the required showing. *Pack v. Yu-
suff*, 218 F.3d 448, 452–53 (5th Cir.2000).
Rather, a prisoner who wishes to proceed
under the savings clause must establish
that his claim "is based on a retroactively
applicable Supreme Court decision which
establishes that the petitioner may have
been convicted of a nonexistent offense"
and that the claim "was foreclosed by cir-
cuit law at the time when the claim should
have been raised in the petitioner's trial,
appeal, or first § 2255 motion." *Reyes–
Requena*, 243 F.3d at 904.

Shipp argues that he was convicted of a
nonexistent offense because *Williams v.
Texas*, 505 S.W.2d 838 (Tex.Crim.App.
1974) and *Descamps v. United States*, ——
U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438
(2013), invalidated one of the convictions
supporting his Armed Career Criminal Act
enhancement. He also states that his
claim is based on *Chambers v. United
States*, 555 U.S. 122, 129 S.Ct. 687, 172
L.Ed.2d 484 (2009), which he argues is a
retroactively applicable Supreme Court
case. As *Descamps* and *Chambers* ad-
dress sentencing issues and have no effect
on whether the facts of Shipp's case would
support his conviction for the substantive
offense, they are not retroactively applica-
ble Supreme Court decisions indicating
that he was convicted of a nonexistent
offense. *See Wesson v. U.S. Penitentiary
Beaumont, TX*, 305 F.3d 343, 348 (5th
Cir.2002); *In re Bradford*, 660 F.3d 226,
230 (5th Cir.2011). Additionally, Shipp's

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reliance on *Williams* is misplaced as it is not a Supreme Court decision. Accordingly, the judgment of the district court is AFFIRMED. Shipp's motion for the appointment of counsel and motion for remand are DENIED, and Shipp's motion for leave to file a supplemental brief is GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.